UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| NICHOLE BRADLEY, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:11-CV-76 SNLJ |
| WAL-MART STORES, INC., et al., | ) |
| Defendants. | ) |

## MEMORANDUM

This personal injury action was brought by plaintiff in the Circuit Court of Butler County, Missouri, against defendant Wal-Mart Stores East, LP (improperly pleaded as Wal-Mart Stores, Inc.) and Wal-Mart's employee, Matt Looney. Plaintiff claims she slipped and fell on a liquid substance on the floor of the Poplar Bluff, Missouri Wal-Mart store. Defendant Looney is or was at the time the manager of that store. Wal-Mart removed this case to this Court alleging diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, because, although defendant Looney is a Missouri citizen, complete diversity exists between plaintiff and Wal-Mart.[1] (#1) Wal-Mart asserts in its Notice of Removal (#1) that defendant Looney was "pretensively joined as a defendant solely for the purpose of defeating this Court's diversity jurisdiction over this matter." As a result, defendant Looney filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (#6), alleging that plaintiff has no reasonable basis in

---

[1]Wal-Mart is a limited partnership. In defendant Wal-Mart's Notice of Removal (#1), Wal-Mart identifies all of its partners and their states of citizenship, thus showing that Wal-Mart is not a Missouri citizen.

fact or law for a claim against him, that he has been fraudulent joined to this action, and that he should be dismissed. Plaintiff has not responded, and the time for doing so has passed.

I.  **Background**

According to the complaint, the plaintiff slipped and fell on a liquid substance in a Wal-Mart store in Poplar Bluff, Missouri. She alleges that defendant Looney was, at all pertinent times, a Wal-Mart employee who was acting within the scope of his employment. Plaintiff then, generically referring to "defendants," alleges that the defendants knew or could have known about the spilled liquid, that the spilled liquid made the store floor unreasonably safe, and that the defendants failed to use ordinary care to remove the liquid or otherwise warn customers of its presence. Plaintiff alleges that defendants' failures directly caused or directly contributed to plaintiff's permanent, progressive injuries to her lower back. Plaintiff further alleges that she has incurred expenses amounting to $125,000 as a result and that she continues to incur costs related to her medical care; she also says that the injuries have and will continue to interfere with her ability to enjoy life.

II.  **Legal Standard**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). A complaint must be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 (2007) (abrogating the traditional "no

set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the petitioner. *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003).

Further, where a defendant is joined solely to deprive federal courts of jurisdiction, such joinder is fraudulent and will not prevent removal. *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983). "Fraudulent joinder exists if, on the face of plaintiff's state court pleadings, no cause of action lies against the resident defendant." *Id.* However, in determining whether a resident has been fraudulently joined to defeat diversity, a Court may look to materials in the record, including affidavits, to determine whether they establish facts supporting claims against the defendant. *Dumas v. Patel*, 317 F. Supp. 2d 1111, 1114 (W.D. Mo. 2004); *Reeb v. Wal-Mart Stores, Inc.*, 902 F. Supp. 185, 187-88 (E.D. Mo. 1995)

**III. Discussion**

Defendant Looney contends that plaintiff's claims against him should be dismissed because no claim can be made against him under Missouri law.

Under Missouri law, an employee may be held personally liable to a third party where he has or assumes full or complete control of his employer's premises, or, if he does not have complete control of the premises, where he breaches some duty to a third party. *Reeb*, 902 F. Supp. at 188 (citing *Giles v. Moundridge Milling Co.*, 173 S.W.2d 745, 751(Mo.1943)).

In *Reeb*, the plaintiff was injured when she tripped over a piece of carpeting in a Wal-Mart store. She sued both Wal-Mart and the store's manager. The court observed that despite the fact that the carpet may have been in poor condition for some time, the manager had been in

3

the store only three days, she had no prior knowledge of the carpeting problem, and she was not on duty or in the store at the time of the accident. The district court thus dismissed the claim against the store manager after finding that the primary objective of the presence of the resident manger was to defeat federal jurisdiction.

The Court finds that here, too, plaintiff's primary objective in naming defendant Looney is to defeat federal jurisdiction. Defendant Looney asserts by affidavit that although he was manager of the Poplar Bluff Wal-Mart store, he did not have full and total control over the store at the time of plaintiff's fall. Indeed, Looney states that he was not on duty or even inside the store at the time of the accident and that he did not have any knowledge of the allegedly dangerous condition plaintiff complains of. Notably, plaintiff does not rebut defendant Looney's affidavit or legal arguments in any way. Missouri law does not support a claim against defendant Looney under these circumstances.

## IV. Conclusion

Plaintiff's claim against defendant Looney is dismissed.

Dated this __8th__ day of August, 2011.

_____
UNITED STATES DISTRICT JUDGE

4